# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| AROMAVALUE, INCORPORATED, d/b/a SCENT FILL,<br><br>          Plaintiff,<br>     v.<br><br>TARGET CORPORATION,<br><br>          Defendant. | NOTICE OF REMOVAL |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Target Corporation ("Defendant") hereby removes this matter from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division to the United States District Court for the Middle District of Florida.

This action is being removed on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332(a) because, as explained below, Plaintiff Aromavalue, Incorporated, D/B/A Scent Fill ("Plaintiff") and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Grounds for Removal

1.      Plaintiff filed a Summons and Complaint against Defendant in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division on April 25, 2025.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff served Defendant with a copy of the Summons and Complaint on May 6, 2025.

3. The Complaint alleges that Defendant failed to remit payment to Plaintiff for certain invoices, either in whole or in part, in the total amount of $156,922.68. (Ex. A, ¶¶ 41-44.)

4. Other than filing of the Complaint and service of the Summons and Complaint, no further proceedings have occurred, and Defendant has not answered, moved, or otherwise entered an appearance.

**I.   Diversity of Citizenship Exists Between Plaintiff and Defendant.**

5. As set forth below, diversity exists between Plaintiff and Defendant.

6. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business. . . ." 28 U.S.C. 1332 (c)(1).

**A.   Citizenship of Plaintiff**

7. At the time of the filing of the Complaint, Plaintiff was and currently is a corporation registered to conduct business within the State of Florida. (*See* Ex. A, ¶ 1.) Upon information and belief, Plaintiff was incorporated under the laws of the State of Florida and its principal place of business is in Oldsmar, Florida. Accordingly, Plaintiff is a citizen of Florida.

### B. Citizenship of Defendant

8. At the time of the filing of the Complaint, Defendant was and currently is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. (*See id.* ¶ 2.) Accordingly, Defendant is a citizen of Minnesota.

9. Complete diversity exists between Plaintiff and Defendant for purposes of satisfying diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Plaintiff's Complaint Seeks Damages in Excess of $75,000.

10. Removal on the basis of diversity jurisdiction is proper where the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. C. 547, 554 (2014).

11. Here, Plaintiff alleges "damages in the principal amount of $156,922.68 plus interest and costs." (*See* Ex. A ¶ 53.) Therefore, Plaintiff's Complaint alleges damages exceeding the jurisdictional minimum of $75,000 exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

## III. Defendant Has Satisfied All Requirements to Remove This Case on Diversity Grounds.

12. Because complete diversity exists between Plaintiff and Defendant, and the matter in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, pursuant to 28 U.S.C. § 1441(b), Defendant may remove this action to this Court.

13. A notice of removal may be filed within thirty days after service or receipt of the Summons and Complaint on the defendant. 28 U.S.C. § 1446(b). Defendant received the Summons and Complaint through service on its agent on May 6, 2025. As a result, the time period for Defendant to remove the action to federal court has not elapsed, and this notice of removal is timely filed.

14. The notice of removal is being filed within one (1) year of the commencement of this action. Therefore, the notice of removal is timely filed under 28 U.S.C. § 1446(b).

15. Removal to this Court is proper as the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division, where this action was originally filed, is located within the District.

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant at the time of this removal is attached as **Exhibit 1**.

17. Counsel for Defendant certifies that it will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for

Pinellas County, Florida, Civil Division attached as **Exhibit 2** hereto, and give notice of same to counsel for Plaintiff.

18. The requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief this matter and provide further evidence as necessary to support its position that the case is removable.

19. By filing this Notice of Removal, Defendant does not waive any defense which may be available to it.

**WHEREFORE**, for the reasons set forth above, Defendant removes this action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division to this Court so that further proceedings may be conducted in this Court as provided by law.

| | |
|---|---|
| Dated: May 30, 2025 | *s/ Amy L. Drushal* <br> AMY L. DRUSHAL - Florida Bar No.546895 <br> adrushal@trenam.com / kkovach@trenam.com <br> TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A. <br> 101 E. Kennedy Blvd., Suite 2700 <br> Tampa, FL 33602 <br> Tel: (813) 223-7474 <br><br> Leah C. Janus (*pro hac vice forthcoming*) <br> Zachary S. McFarland (*pro hac vice forthcoming*) <br> **FREDRIKSON & BYRON, P.A.** <br> 60 South Sixth Street, Suite 1500 <br> Minneapolis, MN 55402-4400 <br> Telephone: (612)-492-7000 <br> ljanus@fredlaw.com <br> zmcfarland@fredlaw.com <br><br> ***Attorneys for Target Corporation*** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing motion was served on counsel for all parties via the Court's CM/ECF system on May 30, 2025.

/s/ Amy L. Drushal
Amy L. Drushal

6